UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ADAM LEE PASSARELLI,

          Plaintiff,

v.

NATE STEPHENSON et al.,

          Defendants.
_____/

Case No. 1:23-cv-910

Honorable Ray Kent

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the G. Robert Cotton Correctional Facility in Jackson, Jackson County, Michigan. The events about which he complains, however, occurred at the Muskegon County Jail in Muskegon, Michigan. Plaintiff sues the following Muskegon County Jail staff in their official capacities only: Sergeant Nate Stephenson; and Deputies Andi Wierengo, Unknown Jones, and Unknown Perry. (Compl., ECF No. 1, PageID.2.)

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

In Plaintiff's complaint, he alleges that at some point during the week before Christmas, another inmate "threw a bag of coffee fill[e]d w[ith] toilet water poop" in Plaintiff's cell.² (*Id.*, PageID.3.) Plaintiff states that Defendants Perry and Jones made Plaintiff clean his cell instead of having the other inmate or the trustees clean it. (*Id.*)

Next, Plaintiff alleges that he was falsely charged in state court with destruction of property, as a fourth habitual offender, by Defendants Stephenson and Wierengo. (*Id.*) Plaintiff claims that these charges stemmed from "a tablet in his name [that he] never broke." (*Id.*) Plaintiff states that he let another inmate use his tablet on January 8, 2023, and that when he retrieved his tablet from the other inmate, the screen was broken. (*Id.*) Plaintiff claims that unnamed sergeants and non-party Lieutenant Smith "refused to let" Plaintiff's public defender watch the video footage of the incident. (*Id.*)

Finally, Plaintiff alleges that on January 14, 2023, "[t]hey put [Plaintiff] into another pod." (*Id.*, PageID.4.) Plaintiff states that his new cell was dirty, and he was not able to clean the cell for two weeks. (*Id.*) Plaintiff also states that his intercom was ignored "w[ith] 30 days lockdown; no privileges; threatened [him]." (*Id.*) On February 14, or 15, 2023, Plaintiff was again moved to a new unit. (*Id.*) Plaintiff states that for weeks, he was unable to "call[] out" and "receive[] commissary store items." (*Id.*) Plaintiff also states that "[t]hey always constantly refuse[d] to answer [his] intercom which is an emergency button." (*Id.*) Additionally, Plaintiff alleges that he was "put in segregation in September 2022 [un]til May 12th, 2023." (*Id.*)

Based on the foregoing allegations, the Court construes Plaintiff's complaint to raise a First Amendment retaliation claim, a malicious prosecution claim, and Fourteenth Amendment claims

---

² In this opinion, the Court corrects the punctuation in quotations from Plaintiff's complaint.

4

regarding the conditions of his confinement.[3] As relief, Plaintiff seeks monetary damages in the amount of 250 million dollars, as well as injunctive relief. (*Id.*, PageID.5.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71

---

[3] During the time period in which the majority of the events at issue in the complaint occurred, it appears that Plaintiff was a pre-trial detainee. *See* Case Details, *State of Michigan v. Passarelli*, No. 2022-0000002580-FH (Muskegon Cnty Cir. Ct.), https://www.co.muskegon.mi.us/1523/ Online-Case-Search (select "Circuit Court Case Search;" enter "Last Name" Passarelli, "First Name" Adam, select "Search;" select "Case ID" 2022-0000002580-FH) (last visited Oct. 20, 2023) (indicating that Plaintiff pleaded *nolo contendere* in the Muskegon County Circuit Court to a charge of assault with intent to do great bodily harm on March 16, 2023, and he was sentenced on May 8, 2023). This Court may take judicial notice of proceedings in other courts of record, such as Plaintiff's state court criminal proceedings. *Chase v. MaCauley*, 971 F.3d 582, 587 (6th Cir. 2020).

(6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Official Capacity Claims

Plaintiff indicates that he is suing all Defendants in their official capacities only. (ECF No. 1, PageID.2.) Official capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)). An official capacity suit is to be treated as a suit against the entity itself. *Id.* at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)); *see also Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "Individuals sued in their official capacities stand in the shoes of the entity they represent," and the suit is not against the official personally. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003); *see also Graham*, 473 U.S. at 165–66.

Here, Plaintiff's suit against Defendants—all of whom work at the Muskegon County Jail—in their official capacities necessarily intends to impose liability on the county. Muskegon County, however, may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell*, 436 U.S. at 694. Instead, a county is liable only when its official policy or custom

6

causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire*, 330 F.3d at 815 (6th Cir. 2003). "Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights." *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (citing *Monell*, 436 U.S. at 692).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff's department. *See Monell*, 436 U.S. at 690. Moreover, the United States Court of Appeals for the Sixth Circuit has explained that a custom "for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.*

Here, Plaintiff fails to allege the existence of a custom or policy, let alone that any policy or custom was the moving force behind his alleged constitutional injuries. *Cf. Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff allegation of policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation). Accordingly, because Plaintiff fails to allege the existence of a policy or custom, the Court will dismiss Plaintiff's official capacity claims against Defendants. Because Plaintiff sues Defendants in their official capacities only, for this reason alone, his claims against Defendants will be dismissed.

Even setting aside the capacity issue and addressing the merits of Plaintiff's claims, as explained below, Plaintiff's claims are subject to dismissal for failure to state a claim.

### B.   Fourteenth Amendment Conditions of Confinement Claims

The Court construes Plaintiff's complaint to raise Fourteenth Amendment claims regarding the conditions of his confinement when he was a pretrial detainee at the Muskegon County Jail.

Until recently, the Sixth Circuit "analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 591 (6th Cir. 2021)). However, in *Kingsley v. Hendrickson*, the United States Supreme Court differentiated the standard for excessive force claims brought by pretrial detainees under the Fourteenth Amendment's Due Process Clause from those brought by convicted prisoners under the Eighth Amendment. 576 U.S. 389, 392–93 (2015). *Kingsley* left unanswered the question of "whether an objective standard applies in other Fourteenth Amendment pretrial-detainment context[s]." *Brawner*, 14 F.4th at 592.

Subsequently, in *Brawner*, the Sixth Circuit modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness. *Id.* at 592, 596. At issue in *Brawner* was a pretrial detainee's claim for deliberate indifference to medical needs. The Sixth Circuit held that to demonstrate deliberate indifference, "[a] pretrial detainee must prove 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Id.* at 596–97 (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)); *see also Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 316–17 (6th Cir. 2023) (affirming that *Kingsley*, as interpreted by *Brawner*, required courts to "lower the subjective component from actual knowledge to recklessness"). A pretrial detainee must prove that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of

8

harm that is either known or so obvious that it should be known." *Brawner*, 14 F.4th at 596 (citation and quotation marks omitted).

Here, Plaintiff alleges that during the week before Christmas, another inmate "threw a bag of coffee fill[e]d w[ith] toilet water poop" in Plaintiff's cell. (Compl., ECF No. 1, PageID.3.) Defendants Perry and Jones made Plaintiff clean his cell instead of having the other inmate or the trustees clean it. (*Id.*) Although unpleasant, the fact that Plaintiff had to clean his own cell after the other inmate threw the liquid and feces-filled bag in Plaintiff's cell does not rise to the level of a constitutional violation. Plaintiff does not allege that he was provided inadequate cleaning supplies or that he had to remain in his cell for an extended period of time after the incident waiting to receive the cleaning supplies. *Cf. Foster v. Ohio*, No. 1:16-cv-920, 2018 WL 6726965, at *14 (S.D. Ohio Dec. 21, 2018) (recognizing that "the severity and duration of deprivations are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while '*substantial* deprivations of shelter, food, drinking water, and sanitation' may meet the standard despite a shorter duration" (citation omitted)). *But see Taylor v. Riojas*, 141 S. Ct. 52, 53 (2020) (concluding that a prisoner who alleged that he was placed in "shockingly unsanitary" cells for six days, one of which was covered in "massive amounts" of feces and the other of which was equipped with only a clogged drain to dispose of bodily waste, stated a violation of the Eighth Amendment). Under these circumstances, Plaintiff has failed to show that Defendants Perry and Jones recklessly disregarded a high risk of harm to Plaintiff when Plaintiff cleaned his own cell.

Plaintiff next alleges that on January 14, 2023, he was moved to a new unit, and his new cell was dirty. (Compl., ECF No. 1, PageID.4.) Plaintiff claims that he was unable to clean his cell for two weeks. (*Id.*) Plaintiff also states his intercom was ignored "w[ith] 30 days lockdown; no

privileges; threatened [him]." (*Id.*) On February 14, or 15, 2023, Plaintiff was again moved to a new unit. (*Id.*) Plaintiff claims that for weeks, he was unable to "call[] out" and "receive[] commissary store items." (*Id.*) Plaintiff also claims that "[t]hey always constantly refuse to answer [his] intercom which is an emergency button." (*Id.*)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). With respect to Plaintiff's claims regarding the conditions of his confinement starting on January 14, 2023, Plaintiff fails to name any specific individuals, let alone the named Defendants, in this portion of his complaint. Instead, Plaintiff either describes these events in the passive voice without attributing the actions to any person or he states that "they" took the actions. (*See* Compl., ECF No. 1, PageID.4.) "Summary reference to a single, five-headed 'Defendants' [or staff] does not support a reasonable inference that each Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))). Therefore, Plaintiff has failed to allege any facts to suggest that Defendants had any involvement in the alleged constitutional violations that occurred starting on January 14, 2023. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights).

Accordingly, for all of the reasons set forth above, Plaintiff's conditions of confinement claims will be dismissed.[4]

### C. Claims Regarding Alleged False State Criminal Charges

#### 1. First Amendment Retaliation Claim

The Court construes Plaintiff's claim that he was falsely charged in state court with destruction of property, as a fourth habitual offender, by Defendants Stephenson and Wierengo as a First Amendment retaliation claim against these Defendants. (Compl., ECF No. 1, PageID.3.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

---

[4] To the extent that Plaintiff intended to raise a Fourteenth Amendment due process claim regarding his placement in segregation from September of 2022, until May 12, 2023, (*see* Compl., ECF No. 1, PageID.4), Plaintiff fails to allege any facts suggesting that Defendants had any involvement in his placement, and continued detention in, segregation. As such, any intended claims regarding Plaintiff's detention in segregation will be dismissed. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Here, Plaintiff does not allege that he engaged in any protected conduct *prior to* Defendants Stephenson and Wierengo bringing the criminal charges against him for the broken jail tablet.[5] And, although the criminal charges brought against Plaintiff certainly constitute an adverse action, Plaintiff alleges no facts from which to reasonably infer that Defendants Stephenson and Wierengo acted with a retaliatory motive. Indeed, Plaintiff alleges no facts about Defendants Stephenson's and Wierengo's motive for bringing the charges, let alone a retaliatory motive. Plaintiff simply alleges that the charges were false because although the tablet was "in [his] name," another inmate was using the tablet when the screen was broken. Therefore, to the extent Plaintiff intended to bring a First Amendment retaliation claim, such "conclusory allegations of retaliatory motive 'unsupported by material facts'" do not state a claim under § 1983. *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (citation omitted); *see Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (holding that in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial" (internal quotation marks omitted)); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims [that will survive § 1915A screening]." (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998))).

Accordingly, for these reasons, any intended First Amendment retaliation claims will be dismissed.

---

[5] In his complaint, Plaintiff states that he has "already sent [the] District Court copies of [his] grievances and Court dates [about] being charged w[ith the above-discussed criminal charges]." (Compl., ECF No. 1, PageID.3.) This statement indicates that Plaintiff filed grievances *after* the criminal charges were brought against him about the fact that he had received this criminal charge.

### 2. Malicious Prosecution Claim

To the extent Plaintiff intended to bring a malicious prosecution claim regarding the destruction of property criminal charges that were brought against him in state court, as explained below, he fails to state a claim.

In *Sykes v. Anderson*, 625 F.3d 294 (6th Cir. 2010), the Sixth Circuit recognized the existence of a claim of malicious prosecution arising under the Fourth Amendment, which is cognizable under § 1983. *Id.* at 308 (citing *Wallace v. Kato*, 549 U.S. 384, 390 n.2 (2007)) (assuming without deciding that such a claim existed). The *Sykes* court held that, to succeed on a Fourth Amendment malicious prosecution claim, a plaintiff must show that: (1) a prosecution was initiated against the plaintiff and that the defendant participated in the decision; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty as a consequence of the legal proceedings; and (4) the criminal proceeding was resolved in the plaintiff's favor. *Id.* at 308–09; *see also Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015) (citing *Sykes*, 625 F.3d at 308–09); *Gregory v. City of Louisville*, 444 F.3d 725, 727 (6th Cir. 2006).[6] There is no right to be free from malicious prosecution arising outside of the Fourth Amendment context. *Johnson v. Ward*, 43 F. App'x 779, 782 (6th Cir. 2002) (citing *Spurlock v. Satterfield,* 167 F.3d 995, 1006 n. 19 (6th Cir. 1999)).

Here, Plaintiff alleges that he was falsely charged with destruction of property in state court because a tablet that was "in [his] name" was broken. (Compl., ECF No. 1, PageID.3.) Plaintiff claims that Defendants Stephenson and Wierengo brought these charges, and that the video footage would have shown that he let another inmate use his tablet and the tablet was broken when Plaintiff

---

[6] Despite its label, a Fourth Amendment claim for malicious prosecution does not require that a Plaintiff demonstrate that the defendant acted with malice. *Sykes*, 625 F.3d at 309–10. In fact, under established Fourth Amendment jurisprudence, a defendant's intent is irrelevant to the analysis, which rests on a determination of reasonableness. *Id.*

retrieved it from the other inmate. (*Id.*) Plaintiff provides no facts in his complaint about whether he was ultimately convicted of this charge; however, a review of the Muskegon County Circuit Court records shows that Plaintiff was charged with malicious destruction of police property, in violation of Mich. Comp. Laws § 750.377b, on January 31, 2023, but that the case was dismissed on March 20, 2023. *See* Case Details, *State of Michigan v. Passarelli*, No. 2023-0000000905-FH (Muskegon Cnty Cir. Ct.), https://www.co.muskegon.mi.us/1523/Online-Case-Search (select "Circuit Court Case Search;" enter "Last Name" Passarelli, "First Name" Adam, select "Search;" select "Case ID" 2023-0000000905-FH) (last visited Oct. 20, 2023).

      The Fourth Amendment on which a claim of malicious prosecution is based protects against unreasonable seizures, including warrantless arrests without probable cause. Although Plaintiff alleges that video footage would have shown that he let another inmate use his tablet and that the tablet was broken when Plaintiff retrieved it from the other inmate on the day in question, Plaintiff's own allegations show that the tablet was "in [his] name." (Compl., ECF No. 1, PageID.3.) Although it is clear Plaintiff believed that the destruction of property charge was false, Plaintiff does not specifically allege that there was a lack of probable cause for the criminal prosecution. Plaintiff admits that the tablet was "in [his] name," but he claims another inmate was using it when it was broken. (*Id.*) Under these circumstances, it is not at all apparent that Plaintiff has alleged sufficient facts to suggest that there was a lack of probable cause for the criminal prosecution. Regardless, at the time that the destruction of property charge was filed against Plaintiff, he was in custody on other unrelated charges. *See* Case Details, *State of Michigan v. Passarelli*, No. 2022-0000002580-FH (Muskegon Cnty Cir. Ct.), https://www.co.muskegon.mi.us/1523/Online-Case-Search (select "Circuit Court Case Search;" enter "Last Name" Passarelli, "First Name" Adam, select "Search;" select "Case ID" 2022-0000002580-FH) (last visited Oct.

14

20, 2023) (indicating that Plaintiff was charged in the Muskegon County Circuit Court with one count of assault with intent to do great bodily harm on May 17, 2022, and he pleaded *nolo contendere* to the charge on March 16, 2023, and was sentenced on May 8, 2023).

A Fourth Amendment claim of malicious prosecution requires at its core that the plaintiff suffer "a 'deprivation of liberty'" as a result of the legal proceeding. *Sykes*, 625 F.3d at 308–09 (quoting *Johnson v. Knorr,* 477 F.3d 75, 81 (3d Cir. 2007)). Even a person criminally charged and prosecuted, but who suffers no deprivation of liberty through arrest or incarceration cannot maintain a claim for malicious prosecution. *Cummin v. North*, 731 F. App'x 465, 470 (6th Cir. 2018). Additionally, the Sixth Circuit has held that if there is one valid reason to deprive a person of his liberty, that forecloses a malicious prosecution claim on another charge. *See Howse v. Hodous*, 953 F.3d 402, 408–10 (6th Cir. 2020).[7] In this action, Plaintiff does not allege—and cannot allege—that he suffered a deprivation of liberty as a consequence of the legal proceeding because, at the time that the destruction of property charge was filed, Plaintiff was already in custody on other charges. Because Plaintiff did not suffer a deprivation of liberty as a consequence of the legal proceeding, there is nothing of which Plaintiff could have been deprived for Fourth Amendment purposes.

Accordingly, for the reasons set forth above, the Court will dismiss Plaintiff's malicious prosecution claims.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim under 28 U.S.C.

---

[7] In *Howse*, the Sixth Circuit acknowledged that some circuits have resolved the issue differently. *See, e.g.*, *Howse*, 953 F.3d at 409 n.3 (citing cases); *see also id.* at 411–16 (citing cases) (Cole, C.J., dissenting). However, the Sixth Circuit's decisions in *Sykes* and *Howse* bind this Court.

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   October 31, 2023                    /s/ Ray Kent
                                             Ray Kent
                                             United States Magistrate Judge

16